FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 JUL 16 PM 1:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

JUL 16 2004

| | | |
|---|---|---|
| ANTHONERIA McELROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-03-S-2662-S |
| | ) | |
| JIM ALOSI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion to disqualify (doc. no. 12).

The court conducted a hearing on plaintiff's motion on April 1, 2004, ordering the

appearance of plaintiff, Anthoneria McElroy (hereinafter plaintiff or Ms. McElroy),

as well as the appearance of Ms. McElroy's former attorney, Marvin L. Stewart, Jr.

## I. FACTUAL BACKGROUND

Plaintiff initially retained Marvin L. Stewart, Jr., the managing partner of the

Stewart Law Group, to represent her in connection with the claims growing out of the

facts leading to this employment discrimination action.[1] Taffi Stewart was employed

as an attorney in the Stewart Law Group, a small law firm of no more than four

attorneys, on the date plaintiff retained Marvin Stewart as counsel.[2] At that same

---

[1] *See* doc. no. 12 (Motion to Disqualify) ¶ 1.

[2] *Id.* at ¶¶ 3, 4.

35

time, Linda Culberson was a paralegal employed by the Stewart Law Group who worked as the personal assistant of Marvin Stewart, the sole partner in the firm.[3] Taffi Stewart now is employed by the law firm of Spain & Gillon, P.C., which represents the defendants in this action.[4] Linda Culberson was employed at Spain & Gillon, P.C. until January 2003.[5]

Following the termination of plaintiff's employment with the Jefferson County Department of Health, she filed an administrative appeal with the Personnel Board of Jefferson County, Alabama.[6]   During the course of those administrative proceedings, plaintiff's attorney, Marvin Stewart, alleged that Taffi Stewart, who then was (and still is) an associate attorney employed by the Spain & Gillon law firm, had a conflict of interest.[7]

By means of a letter dated November 26, 2002, Taffi Stewart requested the Alabama State Bar to issue an advisory opinion.[8]  In pertinent part, that letter reads as follows:

Before working for Spain & Gillon, I was employed by the Stewart Law

---

[3] *See id.* ¶¶ 3,5.

[4] *See id.* ¶¶ 7, 8.

[5] *See* Defendant's Exhibit 8 at 5.

[6] *See* doc. no. 15 (Response to Motion to Disqualify) at 3.

[7] *See id.*

[8] *See* doc. no. 17 (Defendant's Evidentiary Submission), Exhibit C at 44-46 (Taffi Stewart Letter).

2

Group as an associate; Mr. Stewart was the only partner or shareholder in the firm. I was unaware of Ms. McElroy's case and the Stewart Law Group's representation of her until after I began my employment with Spain & Gillon. I had never met Ms. McElroy, nor discussed the facts of her case with her. I never performed work on Ms. McElroy's file and never reviewed any documentation concerning her appeal before the Personnel Board during my employment with the Stewart Law Group. I do not recall ever discussing Ms. McElroy's case with Mr. Stewart or any other member of the Stewart Law Group and did not have actual knowledge of her case at the time my employment ended. Further, I was not privy to any confidential information relating to Ms. McElroy's case. In fact, I have never discussed Ms. McElroy's case with anyone except for fellow counsel members at Spain & Gillon.

. . .

I did not possess actual knowledge of confidential information concerning Ms. McElroy's case before joining Spain & Gillon; therefore, we opine that disqualification is not required . . . .[9]

Based upon the representations in this letter, the State Bar concluded that Ms. Stewart

did not have a conflict of interest, and that she could proceed with representation of

defendant Jefferson County Department of Health.[10] Relying upon Rule 1.10 of the

Rules of Professional Conduct, the opinion letter states:

Therefore, despite the fact that the matters are the same, you would have a conflict of interest only if, while employed by your former firm, you acquired confidential information concerning this case which you could use to the disadvantage of your former firm's client. Your letter states that, not only did you not work on the case at your former firm, you were not even aware of the fact that your former firm represented the

---

[9] *Id*. at 45-46.

[10] *Id*. at 47-49 (December 2, 2002, Informal Opinion Letter from Office of General Counsel, Alabama State Bar).

plaintiff in this matter until after you had joined your new firm. Your letter further states that you never met the plaintiff nor discussed her case with anyone at your former firm and that, therefore, you did not obtain confidential information which you could use to the disadvantage of your former firm's client as prohibited by Rule 1.10(b).[11]

Defendant concedes that informal opinions from the Alabama State Bar are not binding or conclusive.[12]

In February 2003, during administrative proceeding before the Jefferson County Personnel Board, plaintiff filed a motion to disqualify the law firm of Spain & Gillon, alleging that confidential communications about Ms. McElroy's case were discussed with, and made in the presence of, both attorney Taffi Stewart and paralegal Linda Culberson while each was employed by the Stewart Law Group.[13]  Plaintiff attached the affidavit of Marvin Stewart,[14] in which he attested to the following:

> *Summary*
> 25.    The confidences that Ms. McElroy shared about her case were

---

[11] *Id*. at 48. Rule 1.10(b) provides:

> (b)    When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(b) that is material to the matter.

*Ala. Rules of Prof'l Conduct* R. 1.10(b)

[12] *See* doc. no. 15 (Response to Motion to Disqualify) at 4 n.2.

[13] Doc. no. 17 (Defendant's Evidentiary Submission), Exhibit C at 64-70.

[14] *Id*. at 84-90 (Affidavit of Marvin L. Stewart, Jr.); *see also* doc. no. 12 (Plaintiff's Motion to Disqualify), Affidavit of Marvin L. Stewart, Jr.

4

discussed with the secretary who scheduled an appointment with Ms. McElroy on May 23, 2002.

26.   Ms. Linda Culberson, who worked as an assistant directly for the undersigned, and now works as an assistant for Spain & Gillon, reviewed the facts of Ms. McElroy's case at the Firm Meeting on Monday, May 20, 2002, during a review of each attorney's calendar. MS. Stewart was present for this review.

27.   Ms. Culberson met with Ms. McElroy about her case and submitted a New Client Sheet to the Firm administrator. The initial client interview notes of the meeting with McElroy were attached to the New Client Sheet.

28.   The facts of Ms. McElroy's case were also discussed at the weekly Attorney Meeting held each Friday morning, with Ms. McElroy's case being reviewed on Friday, May 24, 2002.

29.   Ms. Stewart was an attorney of the Stewart Law Group, P.C. at the time of the events in question.

30.   Ms. Culberson was a legal assistant of the Stewart Law Group, P.C. at the time of the events in question.[15]

Ms. Culberson signed an affidavit on May 8, 2003, attesting that she worked

for the law firm of Spain & Gillon for approximately nine weeks from November 20,

2002 to January 27, 2003.[16]   Ms. Culberson further attested that, during her

employment with Spain & Gillon, she worked exclusively for Robert Williams and

Gary Parker, two attorneys specializing in medical malpractice cases.[17]   Finally, Ms.

---

[15] Doc. no. 17 (Defendant's Evidentiary Submission), Exhibit C at 87-88, ¶¶ 25-30.

[16] *Id.* at 122, ¶ 3 (Affidavit of Linda Culberson).

[17] *Id.* ¶ 4.

Culberson stated that she did not discuss plaintiff's case with anyone at Spain &
Gillon, and that she did not work with, or discuss any cases with, either David Maxey
or Taffi Stewart.[18]

The Jefferson County Board of Health filed a declaratory judgment action in
the Circuit Court of Jefferson County, Alabama, on May 9, 2003, for the sole purpose
of resolving the disqualification and conflict of interest issues.[19]

Marvin Stewart filed a motion to withdraw as counsel for Ms. McElroy on May
13, 2003, stating that he was the subject of an Interim Order of Suspension issued by
the Alabama State Bar.[20]  David H. Stem, Jr., of the Stewart Law Group, filed a
motion to withdraw the pending motion to disqualify on May 14, 2003, which was
signed by Mr. Stem and Ms. McElroy, without attestation.[21]  The Jefferson County
Personnel Board granted Marvin Stewart's motion to withdraw as counsel, but denied
the motion to withdraw the pending motion to disqualify, because that the motion
was "not properly attested to," and, it did not "set out specifically that it [was] based
upon [plaintiff's] opinion that no conflict exists which would support her Motion to

---

[18] *Id.* at 122-23, ¶¶ 4, 5.

[19] *See* Response to Motion to Disqualify at 3-4. This action filed in Circuit Court of Jefferson
County, Alabama bears the Civil Action Number: CV 2003-2882.  *See also* Complaint for
Declaratory Relief, attached to Defendant's Evidentiary Submission, Exhibit C at 129.

[20] *See id.* at 113, 117.

[21] *See id.* at 109, 117.

6

Disqualify."[22]

In the declaratory judgment action commenced in the Jefferson County Circuit Court by the Jefferson County Board of Health, the plaintiff herein, Anthoneria McElroy, was aligned as defendant in that proceeding.   Accordingly, the plaintiff herein (but defendant therein), represented by new counsel, answered the declaratory judgment complaint on July 1, 2003, with a single paragraph:

> Defendant [plaintiff Anthoneria McElroy] does not further raise the issue of conflict of interest by the lawyer or staff of plaintiff's attorneys. Defendant further agrees that the proceedings before the Personnel Board of Jefferson County can proceed without objection to the alleged conflcit [sic].[23]

Further, in the administrative proceeding before the Jefferson County Personnel Board, plaintiff signed an affidavit on July 28, 2003, stating in relevant part:

> 2.   I waive any potential conflict that may arise because of Taffi S. Stewart's prior association with the Stewart Law Group, P.C.
>
> 3.   I have no objections to this matter proceeding given that potential conflict.[24]

McElroy did *not* stipulate, however, that no conflict existed or that she would not raise it in other proceedings involving the Board of Health, such as a then-pending

---

[22] Order of Personnel Board, attached to Defendant's Evidentiary Submission, Exhibit C at 117-119.

[23] Answer, attached to Defendant's Evidentiary Submission, Exhibit C at 124.

[24] Affidavit of Anthoneria McElroy, attached to Defendant's Evidentiary Submission, Exhibit C at 120. As with many of the documents filed in Exhibit C, it is difficult to discern under what circumstances this affidavit was made or submitted to the court or Personnel Board.

appeal of her claim for unemployment compensation or her then-pending EEOC

proceedings.[25] Thus, the Board of Health filed a motion for summary judgment in

Circuit Court on August 18, 2003, seeking a declaration that a conflict of interest

does not exist and that neither Taffi Stewart nor the law firm of Spain & Gillon

should be disqualified from their representation of the Board of Health.[26]

The Board of Health filed, among other documents, the Affidavit of Taffi

Stewart in support of its motion for summary judgment. In that affidavit, Ms. Stewart

attests in pertinent part:

> . . .
>
> 7.     I was vacationing in Florida on the days (May 22 and May 24,
> 2002) that McElroy contends I gained confidential information
> concerning her case. My husband and I flew to St. Petersburg, Florida
> on Tuesday, May 21, 2002, where we remained through Thursday, May
> 23, 2002. On May 23, 2002, we traveled to Clearwater, Florida and
> joined my husband's company trip. I did not return to the office until
> Tuesday, May 28, 2002. The calendar that McElroy's counsel submitted
> in support of the motion to disqualify shows that I was on vacation on
> these dates.
>
> 8.     The only information I have gained concerning McElroy's case
> has been through my employment at Spain & Gillon, in conjunction with
> my representation of the Board of Health. If Linda Culberson worked
> on McElroy's case during her employment at SLG, I was unaware of it.
> I have never discussed McElroy's case with her, other than supplying
> her with a copy of the motion to disqualify and asking if she would

---

[25] *See* Jefferson County Board of Health's Motion for Summary Judgment and Brief in
Support, attached to Defendant's Evidentiary Submission, Exhibit C at 14.

[26] *See id.* at 6-26.

8

submit an affidavit.[27]

The Jefferson County Circuit Court granted the Board of Health's motion for summary judgment in open court on August 20, 2003.[28]   The Court cited Ms. McElroy's Answer declaring that she did not wish to further raise the conflict of interest issue and stated that Ms. McElroy further confirmed at the hearing that she did not oppose the Board of Health's motion for summary judgment.[29]

During the hearing on the current motion to disqualify, plaintiff testified that when she withdrew her motion to disqualify Taffi Stewart and the law firm of Spain & Gillon, she was not aware that she was waiving the issue of conflict of interest in pursuing discrimination claims in a subsequent proceeding.[30] When questioned about her July 28, 2003 Affidavit,[31] previously discussed in this memorandum opinion,[32] plaintiff rationalized that, according to her attorney, she was not waiving any rights.[33] Plaintiff further asserted that Marvin Stewart told her he had discussed her case with

---

[27] *See* Affidavit of Taffi Stewart, attached to Defendant's Evidentiary Submission, Exhibit A and Exhibit C at 41-42.

[28] *See* Order, attached to Defendant's Evidentiary Submission, Exhibit C at 5.

[29] *Id.*

[30] *See* Transcript of Hearing on Motion to Disqualify at 8 (doc. no. 32) (hereinafter, "TR ___").

[31] Defendant's Exhibit 1.

[32] *See supra* note 23 and text.

[33] *See* TR 11.

9

all the attorneys at his firm, which, at that time, would have included Taffi Stewart.[34]

Marvin Stewart testified at the hearing on the current motion to disqualify. Mr. Stewart testified that he was certain that Taffi Stewart did not have direct contact with Ms. McElroy.[35] Mr. Stewart further testified that he was not aware of any occasion that his legal assistant, Ms. Linda Culberson, informed Taffi Stewart about any fact relating to Ms. McElroy's case.[36] Finally, Mr. Stewart testified that there was a mistake in his previously submitted affidavit regarding Taffi Stewart's presence at firm meetings when Ms. McElroy's case was discussed.[37] Mr. Stewart explained that he later discovered that Ms. Stewart was out of town on vacation during the time referenced in his previous affidavit.[38]

Taffi Stewart worked at the Stewart Law Group from August 2, 1999, through August 14, 2002.[39] Taffi Stewart testified unequivocally that while employed at the Stewart Law Group, she never communicated with Ms. McElroy and never was exposed to any information concerning Ms. McElroy's case until she began working for her present law firm, Spain & Gillon.[40]

---

[34] *See id.* at 17.

[35] *See id.* at 32.

[36] *See id.* at 33.

[37] *See id.* at 36.

[38] *See id.*

[39] *See id.* at 53.

[40] *See id.* at 55-72.

## II. DISCUSSION

The party seeking disqualification bears the burden of proving the grounds for disqualification. *In re Bell South*, 334 F.3d 941, 961 (11th Cir. 2003). The court is mindful that a party is presumptively entitled to counsel of its choice, and such right may be overridden only if "compelling reasons" exist. *Id*. Plaintiff moves to disqualify defendant's counsel Taffi Stewart and the law firm of Spain & Gillon on the grounds that a conflict of interest exists under Rule 1.10 of the Rules of Professional Conduct due to Ms. Stewart's alleged exposure to confidential client information she allegedly was exposed to during her employment at the Stewart Law Group.

Upon review of the parties' submissions and testimony presented at the hearing on the motion to disqualify, the court finds that, in fact, no conflict of interest exists. No evidence indicates that Taffi Stewart was exposed to any confidential information regarding plaintiff's case while she was employed by Marvin Stewart. The evidence clearly shows that Taffi Stewart was on vacation during the week plaintiff's case was discussed at a firm meeting. Marvin Stewart's testimony also revealed that he originally filed the motion to disqualify in the state court and administrative proceedings in an abundance of caution, and that he could not say with certainty that Taffi Stewart had any knowledge of confidential information concerning plaintiff's

11

case.  Taffi Stewart has unequivocally attested that the first time she was informed about Ms. McElroy's case was when she began her employment with the law firm of Spain & Gillon.  Marvin Stewart's former legal assistant, Linda Culberson, further confirmed that she never shared any information regarding Ms. McElroy's case with Taffi Stewart.[41]

Because plaintiff has utterly failed to meet her burden of establishing that a conflict of interest exists, her motion to disqualify counsel for defendants is due to be denied.  An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this ___16th___ day of July, 2004.

_____
United States District Judge

---

[41] *See* Defendant's Exhibit 8 (Telephonic Deposition of Linda Culberson, March 30, 2004).